UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID W. SALYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-359-RLM-CAN |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION and ORDER

David W. Salyer brought this suit to contest a denial of disability benefits by the Commissioner of Social Security. On March 6, 2007, this court reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings.

One of Mr. Salyer's attorneys, Frederick J. Daley, Jr., now moves pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), for the court's authorization of attorney's fees in the amount of $12,454.00. The Commissioner didn't file a response to the petition.

With jurisdiction established over this matter pursuant to 42 U.S.C. § 406(b), the court GRANTS Mr. Daley's Petition for Attorney Fee (Doc. No. 24), based on the reasons that follow.

Mr. Salyer applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits due to seizure disorder, borderline intellectual functioning with learning disorder NOS, closed head trauma, and substance abuse. Mr. Salyer's applications were denied initially and upon reconsideration. Following a video-teleconference hearing, the ALJ denied Mr. Salyer's claim for benefits. The Appeals Council denied Mr. Salyer's request for review.

Mr. Salyer entered into a contingent-fee agreement with Mr. Daley for his representation in federal court. Under the agreement, Mr. Salyer agreed to pay Mr. Daley "an amount that represents 25% of the past-due benefits . . . upon receipt of the same . . ." Mr. Salyer, represented by Mr. Daley, filed his complaint in this court. Mr. Daley filed an authorized oversized opening brief, identifying the ALJ's alleged errors in great detail. The parties filed a joint stipulation of remand. After this court reversed the Commissioner's decision and remanded for further proceedings, the court awarded attorney's fees in the sum of $4,900.00, pursuant to the Equal Access to Justice Act ("EAJA"), for the 44.7 hours spent advocating Mr. Salyer's claim in federal court.

Mr. Salyer prevailed on remand when the ALJ issued a favorable decision awarding benefits dating back to March 2004. The Commissioner's Office of Central Operations calculated the benefits and awarded Mr. Salyer $49,816.00 in total past-due benefits. The Social Security Administration withheld 25 percent

2

of the award, or $12,454, for the direct payment of an attorney fee. In this petition for attorney fees, Mr. Daley seels payment for his representation of Mr. Salyer in the amount of $12,454.

42 U.S.C. § 406 governs fees for representing social security claimants, both administratively and in federal court. Section 406(a) concerns fees for representation in administrative proceedings, whereas section 406(b) governs fees for representation in court. 42 U.S.C. §§ 406(a) and 406(b); 20 C.F.R. § 404.1728. Unlike fees obtained under the EAJA against the government for taking a position that was not "substantially justified," 28 U.S.C. § 2412(d)(1)(A), fees awarded under § 406 are charged against the claimant. 42 U.S.C. § 406.

The Social Security Act provides for an award of attorney's fees for "a judgment favorable to the plaintiff." Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). Further, the statute provides that a reasonable fee will not exceed twenty-five percent of the past-due benefits. 28 U.S.C. § 406(b)(1)(A). Fees can only be obtained from past-due benefits—attorneys can't gain additional fees simply because a claimant is entitled to continuing benefits. Gisbrecht, 535 U.S. at 795. Because the statute sets out the exclusive method for obtaining fees for successful representation, demanding or collecting anything more than the authorized allocation of past-due benefits is a criminal offense. Id. at 795-96 (citing 42 U.S.C. §§ 406(a)(5) and 406(b)(2); 20 C.F.R. §§ 404.1740-1799). Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the

amount of the smaller fee. Id. at 796. Thus, an award of attorney fees under § 406(b) is offset or reduced by the fees already paid to the attorney under the EAJA. Id.

In awarding attorney's fees under § 406(b), the court is required to review for reasonableness the attorney fees yielded by contingent-fee agreements. Gisbrecht v. Barnhart, 535 U.S. at 809. Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. at 805, 807 (Congress intended to protect claimants from "inordinately large fees," and likely meant to contain, not outlaw, contingency agreements).

Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, can look to the character of the representation and the results the representative achieved. Id. at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms.")). A contingent fee may be reduced if the quality of the work is substandard, if the attorney causes a delay in the litigation, or if the fees are too large when compared to the time counsel spent on the case. *See* id.

The contract in this case is a standard contingency agreement signed by both Mr. Salyer and his attorney, Mr. Daley. The agreement complies with § 406(b)

4

by providing for the statutory maximum attorney fee of 25 percent of past-due benefits upon a successful result—in the event of an unsuccessful result, Mr. Salyer wouldn't have owed his attorney a fee.

In representing Mr. Salyer, Mr. Daley evaluated the record and presented the court with several issues for review, in a thorough well-drafted brief. He successfully obtained a remand, convinced the Social Security Administration to award benefits, and proved the onset date of Mr. Salyer's disability. Mr. Daley, and the attorneys of the same firm who assisted, have much experience in Social Security litigation, as demonstrated by their curricula vitae and by their successful representation of Mr. Salyer throughout this matter. That experience served Mr. Salyer well—Mr. Daley represents that Ms. Salyer's lifetime benefit award amounts to over $323,932.

Review of the time-log submitted indicates that counsel worked 44.7 hours on this case in this court. If awarded $12,454.00 in attorney's fees, as requested, this would equate to a fee of approximately $278.61 per hour. This type of fee appears fair and reasonable for a non-contingent hourly rate, let alone for a contingent-fee, which involves a substantial risk of loss. *See* Gisbrecht, 545 U.S. at 808) (the amount of time counsel spent on the case is only one factor influencing the court's assessment of the reasonableness of the fee yielded by a fee agreement). A $12,454.00 fee award in this case adequately accounts for not only personal compensation, but also reflects the time-value of money, the level

of skilled representation received, the attorney's risk that he could have received no payment, and the excellent results obtained in recovering substantial past-due benefits for Mr. Salyer.

Mr. Daley achieved the result Mr. Salyer sought in filing this suit, and should be properly compensated. The contractual contingency arrangement, providing for an attorney's fee of 25 percent of the benefits awarded to Mr. Salyer, is reasonable compensation for the representation provided in this case.

The court GRANTS the Petition for Attorney Fee Pursuant to § 206(b)(1) (Doc. No. 24) and AWARDS Plaintiff's attorney a total of $12,454.00 in attorney's fees pursuant to § 406(b)(1). The court ORDERS that payment by the Commissioner in the amount of $12,454.00 be paid directly to Attorney Frederick J. Daley, Jr. of the law firm of Daley, DeBofsky & Bryant in accordance with the agreement signed by Mr. Salyer. The court further ORDERS Attorney Daley to pay Mr. Salyer $4,900.00, which represents the amount of the EAJA award already paid to Mr. Daley and now credited to Mr. Salyer.

SO ORDERED.

ENTERED:   September 28, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court